IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JOY EZIRIM,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Case No.: GJH-16-0289** |
| **UNITED STATES OF AMERICA,** | * | |
| **Defendant.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Joy Ezirim brings this *pro se* action against the United States of America[1] for the alleged loss or negligent handling of a cell phone she ordered over the Internet. Plaintiff originally filed her Complaint in the District Court for Prince George's County on November 5, 2015. ECF No. 2. Defendant removed the action to this Court on February 1, 2016. ECF No. 1. Now pending before the Court is the Defendant's Motion to Dismiss, ECF No. 14. No hearing is necessary. Local Rule 105.6 (D. Md.). For the following reasons, Defendant's Motion to Dismiss is granted.

### I.    BACKGROUND

According to Plaintiff's Complaint, Joy Ezirim purchased an iPhone 6 Plus[2] from a seller on www.eBay.com ("eBay").[3] ECF No. 2 at 1. Plaintiff paid $480.00 for the iPhone and $5.85

---

[1] Plaintiff originally brought her suit against the United States Postal Service, ECF No. 2. The United States moved to "be substituted for Defendant United States Post Service Headquarters in this action, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*" ECF No. 7. The motion was granted on February 25, 2016. ECF No. 13.
[2] An iPhone is an Internet-enabled smartphone developed by Apple, Inc. *iPhone*, http://www.webopedia.com/TERM/I/iPhone.html (last visited Nov. 28, 2016). The iPhone 6 Plus was released in or around October 2014. *iPhone 6 & iPhone 6 Plus Arrive in 36 More Countries and Territories This Month*, Apple (Oct. 13, 2014), https://www.apple.com/pr/library/2014/10/13iPhone-6-iPhone-6-Plus-Arrive-in-36-More-Countries-and-Territories-This-Month.html.

for shipping. *Id.* Plaintiff was expecting her package on October 8, 2015, but did not receive it. *Id.* When Plaintiff checked the tracking information of the package on the United States Postal Service ("USPS" or "Postal Service") website, the site indicated that the package was "undeliverable as addressed." *Id.* Plaintiff contacted the sender, Adetayo Okupe. Okupe relayed that he had printed the shipping label from the USPS website, which apparently had omitted Plaintiff's apartment number. *Id.* at 2. Plaintiff then went to the local post office, where a clerk informed her that the package would be sent back to the sender. *Id.* After three weeks, however, Okupe had not received the package. *Id.*

Okupe called USPS Customer Service, which assigned a case number, CA125151243. ECF No. 2 at 2. Okupe also filed a claim on the package, identified as Claim No. 3772452. ECF No. 14-2 ¶ 4. On December 24, 2015, USPS denied Okupe's claim. *Id.* In the denial letter, Okupe was notified that he could file an appeal of the claim denial within 30 days. *Id.* Neither Okupe nor Plaintiff has appealed the denial of Okupe's claim. *Id.*

Plaintiff alleges that when she returned to the Post Office, "there was no feedback." ECF No. 2 at 2. Plaintiff states in her Complaint that she "decided to file a claim to get [her] package or the value of [her] item." *Id.* According to a declaration submitted in support of Defendant's Motion to Dismiss, the internal database for USPS indicates that Plaintiff never initiated a claim on her own behalf with USPS Customer Service or USPS Accounting Services. ECF No. 14-2 ¶ 3.

Plaintiff filed a Complaint with the District Court of Maryland for Prince George's County on November 5, 2015. ECF No. 2. In her Complaint, Plaintiff sought to recover the return of the property, plus $700.00 in damages, and attorney's fees of $56.00. *Id.* Defendant

---

[3] eBay is an e-commerce company and online marketplace providing consumer-to-consumer and business-to-consumer sales. *See eBay*, http://www.webopedia.com/TERM/E/eBay.html (last visited Nov. 23, 2016).

removed the case to this Court on February 1, 2016, ECF No. 1, and has now filed a Motion to Dismiss based on a lack of subject matter jurisdiction, ECF No. 14-1. A letter advising Plaintiff of her rights under Federal Rules of Civil Procedure 12 and 56 was issued on April 12, 2016. ECF No. 14. Plaintiff has not responded.

## II.     STANDARD OF REVIEW

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve,* 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd,* 85 F. App'x 960 (4th Cir. 2004). Once a challenge is made to subject matter jurisdiction, the plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.,* 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand–Davenport v. Children's Guild,* 742 F. Supp. 2d 772, 777 (D. Md. 2010).

The Court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans,* 166 F.3d at 647. In ruling on a motion to dismiss under Rule 12(b)(1), the Court "should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Ferdinand–Davenport,* 742 F. Supp. 2d at 777 (quoting *Evans,* 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991).

## III.    ANALYSIS

Defendant moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust her administrative remedies. ECF No. 14. Defendant contends that Plaintiff "did not attempt to comply with the administrative process administered by the USPS to resolve claims for lost packages," and "both Plaintiff and Okupe have failed to follow the appeal procedures prior to filing the instant complaint." ECF No. 14-1 at 4. Thus, Defendant argues, the Court "lacks subject matter jurisdiction by reason of these failures to exhaust their administrative remedies." *Id.* The Court agrees that Plaintiff has failed to exhaust her administrative remedies, and Defendant's Motion to Dismiss is therefore granted.

The Federal Tort Claims Act ("FTCA") confers jurisdiction on the district court to hear claims "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission took place." 28 U.S.C. § 1346; *see also Ferebee v. Temple Hills Post Office*, GJH-14-02451, 2014 WL 5342845, at *2 (D. Md. Oct. 20, 2014), *aff'd*, 590 F. App'x 276 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 252 (2015). Since Plaintiff states a cause of action based upon alleged negligence or a wrongful act or omission on the part of the Postal Service, the court will construe her claim as one under the FTCA. *See* 28 U.S.C. § 2679(a).

To assert any claim against the United States or the Postal Service under the FTCA, a plaintiff is required to exhaust administrative remedies. *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the "FTCA bars claimants from bringing

4

suit in federal court until they have exhausted their administrative remedies."). Specifically, a claimant must first present a claim to the appropriate federal agency and the claim must be "finally denied by the agency in writing" before instituting an action in federal court. 28 U.S.C. § 2675(a). This administrative exhaustion requirement is jurisdictional and may not be waived. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).

USPS regulations are set forth in its Domestic Mail Manual ("DMM"), which is incorporated into the Code of Federal Regulations by reference. 39 C.F.R. § 111.1; *see also Dosso v. United States Postal Serv.,* Civil Action No. CCB-10-1703, 2010 U.S. Dist. LEXIS 124914, at *7 (D. Md. Nov. 24, 2010).[4] In relevant part, the DMM provides an initial administrative procedure for filing claims and two levels of appellate process. Either the mailer or the addressee may file a claim for lost or damaged articles. *See* DMM 609, Section 1.3. Claims may be filed online or sent by mail to the USPS Accounting Services Center ("Accounting Services"), the agency's adjudicatory body. *Id.*, Section 1.5; ECF No. 14-2 ¶ 2. Once a decision has been rendered, "a customer may appeal a claim decision within 30 days from the date of the original decision." *Id.*, Section 6.2. Further, "[i]f Accounting Services sustains the denial of a claim, the customer may submit an additional appeal within 30 days for final review." *Id.*, Section 6.3.

In her brief, handwritten complaint, Plaintiff alleges that she "decided to file a claim to get my package or the value of my claim." ECF No. 2 at 2. It is unclear whether the "claim" she refers to is an administrative claim with the Postal Service or the Complaint filed in this Court. It would appear to be the latter, as Defendants have submitted a declaration indicating that, based upon a search of their internal database, no such claim was filed with the Postal Service on or on behalf of the Plaintiff. ECF No. 14-2 ¶ 3. Okupe, the sender, did file a claim, but neither he nor

[4] The DMM is also available online at http://pe.usps.gov/DMM300/Index (last visited Nov. 28, 2016).

5

the Plaintiff appealed the denial of his claim. Because Plaintiff has not complied with the procedures set forth in the Domestic Mail Manual to pursue a claim for lost articles, she has failed to exhaust her administrative remedies. Moreover, by not filing an opposition to Defendant's Motion to Dismiss and, thus, failing to respond to Defendant's argument regarding exhaustion, Plaintiff has conceded this point. *See Ferebee*, 2014 WL 5342845, at *3; *Ferdinand– Davenport,* 742 F. Supp. 2d at 777 (finding that plaintiff abandoned her claim by failing to respond to defendant's argument in motion to dismiss). The Court is therefore without subject matter jurisdiction, and Plaintiff's claim must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 14, is granted without prejudice. A separate Order follows.

Date: December 28, 2016

George J. Hazel
United States District Judge